UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| USI INSURANCE SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 19-9340 |
| MERRICK T. MATTHEWS and PAUL'S INSURANCE SERVICES, LLC | SECTION: T(1) |

## ORDER

Before the Court are three related motions to dismiss and reply briefs filed by Merrick T. Matthews ("Matthews"), Paul's Insurance Services, LLC ("Paul's Insurance"), and Paul's Agency, L.L.C. ("Paul's Agency") (Paul's Insurance and Paul's Agency are collectively referred to as "Paul's").[1] USI Insurance Services, LLC ("Plaintiff") has filed a First Amended Complaint,[2] opposition briefs,[3] and a sur-reply brief.[4] For the following reasons, the Motions to Dismiss are **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's claims under the Louisiana Unfair Trade Practices Act ("LUTPA") and for breach of contract.[5] Plaintiff is a provider of insurance brokerage and consulting services.[6] Matthews was formerly employed as Plaintiff's Vice President of Marine and Oilfield Services in Plaintiff's Houma office.[7] Matthews's employment was governed by the terms

---

[1] R. Docs. 9, 16, 17, 24, and 26.
[2] R. Doc. 11.
[3] R. Docs. 12 and 18.
[4] R. Doc. 28.
[5] R. Doc. 11.
[6] R. Doc. 11, ¶7.
[7] R. Doc. 11, ¶¶11-12.

1

of an Employment Agreement ("Agreement") which, in part, prohibited Matthews from engaging in certain competitive activities with respect to certain clients.[8] Matthews was responsible for developing and maintaining relationships with maritime and oilfield clients as well as assessing risks to calculate targeted property and casualty coverage for Plaintiff's clients.[9]

On August 1, 2017, Matthews resigned from his employment with Plaintiff and began working for Paul's, a competitor of Plaintiff which provides brokerage services for property and casualty and other insurance products for commercial clients.[10] After Matthews's resignation, two of Plaintiff's former, long-term clients moved their business to Paul's.[11] Plaintiff notified Matthews and Paul's of its intent to enforce the Agreement.[12]

Plaintiff filed this action against Matthews and Paul's Insurance for violations of LUTPA and breach of contract.[13] Matthews and Paul's Insurance subsequently filed their first Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) & Alternatively for a More Definite Statement Pursuant to F.R.C.P. 12(e) and F.R.C.P. 9(b).[14] In response to the motion, Plaintiff filed a First Amended Complaint to remedy any alleged defects and to add Paul's Agency as a defendant.[15] Plaintiff also filed an opposition brief.[16] Paul's Agency filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) & Alternatively for a More Definite Statement Pursuant to F.R.C.P. 12(e) and F.R.C.P. 9(b),[17] and Matthews and Paul's Insurance filed another Motion to Dismiss

---

[8] R. Doc. 11-1.
[9] R. Doc. 11, ¶12.
[10] R. Doc. 11, ¶24.
[11] R. Doc. 11, ¶¶23-24.
[12] R. Doc. 11, ¶27.
[13] R. Doc. 1.
[14] R. Doc. 9.
[15] R. Doc. 11.
[16] R. Doc. 12.
[17] R. Doc. 16.

Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) & Alternatively for a More Definite Statement Pursuant to F.R.C.P. 12(e) and F.R.C.P. 9(b).[18]

## LAW AND ANALYSIS

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter jurisdiction.[19] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[20] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[21]

28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different States." When the plaintiff alleges a damages figure in excess of the required amount in controversy, "that amount controls if made in good faith."[22] When a complaint alleges an unspecified amount of damages, the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met.[23] Courts consider whether "it is facially apparent [from the complaint] that the claims exceed the

---

[18] R. Doc. 17.
[19] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs),* 668 F.3d 281, 286 (5th Cir. 2012).
[20] *See* Fed. R. Civ. P. 12(b)(1).
[21] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quotation omitted*).
[22] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *NAG, Ltd. v. Certain Underwriters at Lloyds of London*, No. CV 16-16728, 2017 WL 490634, at *4 (E.D. La. Feb. 6, 2017).
[23] *Brand Servs., L.L.C. v. Irex Corp.,* 909 F.3d 151, 155 (5th Cir. 2018) (*citing St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

jurisdictional amount," and if it is not, the court may "rely on summary judgment-type evidence to ascertain the amount in controversy."[24]

In the present case, the parties do not dispute that they are citizens of different states. However, Defendants assert the amount in controversy requirement is not met. The complaint alleges that Plaintiff has lost over $135,000.00, the approximate annual revenue from its former clients.[25] Plaintiff, further, seeks recovery of attorneys' fees and costs authorized by the LUTPA.[26] Therefore, Plaintiff has alleged a damages figure in good faith in excess of the required amount in controversy. The Court concludes that the amount in controversy requirement is met and that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[27] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[28] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[29] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[30] and the documents attached to the complaint.[31]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[32] The

---

[24] *Brand Servs., L.L.C.,* 909 F. 3d at 155.
[25] R. Doc. 11, ¶¶46-57.
[26] R. Doc. 11, ¶60.
[27] Fed. R. Civ. P. 12(b)(6).
[28] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[30] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[31] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[32] *Iqbal*, 556 U.S. at 678.

complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[33] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[34] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[35]

        **i.    Breach of Contract Claim**

Under Louisiana law, the elements of a breach of contract claim are, "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[36] Defendants contend Plaintiff failed to state a claim for breach of contract because Plaintiff does not allege facts to support a breach of the Agreement. Specifically, Defendants argue that Matthews did not breach the Agreement because the two clients do not meet the Agreement's definition of "client account" because they were no longer serviced by Plaintiff when they moved their business to Paul's.[37]

The Court finds that Plaintiff's allegations are sufficient to state a claim to relief that is plausible on its face. The complaint details Matthews's obligations under the Agreement,[38] Matthews's actions that allegedly violated the Agreement,[39] and which clients moved their businesses from Plaintiff to Paul's.[40] Accepting the complaint's well-pleaded factual allegations

---

[33] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[34] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[35] *Twombly*, 550 U.S. at 555.
[36] *Star Fin. Servs., Inc. v. Cardtronics USA, Inc.*, 882 F.3d 176, 179 (5th Cir. 2018) (*quoting Favrot v. Favrot*, 68 So. 3d 1099, 1108–09 (La. App. 4 Cir. 2011)).
[37] R. Doc. 9-1, p.7; R. Doc. 17-1, p.10.
[38] R. Doc. 11, pp.5-6.
[39] R. Doc. 11, pp.6-9.
[40] R. Doc. 11, pp.6-9.

as true, the Court finds that the complaint states a cause of action for breach of contract against Matthews.

### ii. LUTPA Claim

La. R.S. §51:1405 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Under LUTPA, "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice ..., may bring an action ... to recover actual damages."[41]

Defendants contend that Plaintiff's LUTPA claims amount to claims for fraud and that Plaintiff has failed to meet the heightened pleading standard required for fraud.[42] Plaintiff argues the allegations in the complaint do not use the word "fraud" and do not allege that Defendants engaged in "fraudulent" conduct.[43] Plaintiff, instead, asserts that its LUTPA claim is based on misrepresentations and false statements by Defendants.[44] Additionally, Plaintiff claims that its allegations are sufficient to meet the heightened fraud standard.[45]

Plaintiff's LUTPA claim is based on the allegation that Defendants "knowingly used unfair methods of competition and deceptive acts, including the misrepresentations, deceptive acts, and improper use" of Plaintiff's confidential information.[46] Plaintiff's LUTPA claim is not based on any alleged fraud. The Court, therefore, finds that Plaintiff is not required to satisfy the particularity requirement found in Rule 9(b), and that Plaintiff has sufficiently alleged facts to support LUTPA claims against Defendants.

---

[41] La. R.S. § 51:1409(A).
[42] R. Doc. 9-1, p.9 (*citing* Fed. R. Civ. P. 9(b)).
[43] R. Doc. 12, p.13.
[44] R. Doc. 12, p.13.
[45] R. Doc. 12, p.14.
[46] R. Doc. 11, ¶56.

### C. Motion for More Definite Statement Under Rule 12(e) and Rule 8

Defendants, alternatively, request the Court require Plaintiff to amend its complaint under Rule 12(e) and Rule 8 to correct the deficiencies noted by Defendant. Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[47] Motions for more definite statements are generally disfavored because Rule 8 simply calls for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests.[48]

Because the Court finds that the complaint sufficiently demonstrates that the amount in controversy requirement is met and sufficiently alleges facts to state a claim for relief against Defendants, Defendants' request that the Court require Plaintiff to amend its complaint under Rule 12(e) and Rule 8 is denied.

### CONCLUSION

For the reasons set forth above, the Motions to Dismiss[49] are **DENIED.**

**New Orleans, Louisiana**, on this __3rd__ day of October, 2019.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[47] Fed. R. Civ. P. 12(e).
[48] *Coleman v. George,* No. CIV.A. 10-3209, 2011 WL 3820478, at *1 (E.D. La. Aug. 5, 2011), *report and recommendation adopted,* No. CIV.A. 10-3209, 2011 WL 3820251 (E.D. La. Aug. 25, 2011) (*citing Acker v. Bishop,* No. 06–0710, 2006 WL 1895484, at *1 (W.D.La. Jul. 10, 2006); Fed.R.Civ.P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.,* 173 F.3d 946, 951 (5th Cir.1999) (reasoning that Rule 8 only requires a short and plain statement of facts sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.")).
[49] R. Docs. 9, 16, and 17.