**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **USI INSURANCE SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19- 09340** |
| **MERRICK T. MATTHEWS and PAUL'S INSURANCE SERVICES, LLC** | **SECTION: T(1)** |

## ORDER

Before the Court is a Motion for Summary Judgment[1] and supplemental memorandum[2] filed by Paul's Agency, LLC ("Paul's Agency") seeking dismissal of the claims filed by USI Insurance Services, LLC ("Plaintiff") against Paul's Agency. Plaintiff has filed an opposition.[3] For the following reasons, the Motion for Summary Judgment[4] is **GRANTED.**

## BACKGROUND

On April 12, 2019, Plaintiff filed a complaint against Paul's Insurance Services, LLC and Mr. Merrick T. Matthews alleging claims of breach of contract against Mr. Matthews and claims under LUTPA, La. R.S. 51:1401, *et seq.* against both Mr. Matthews and Paul's Insurance Services, LLC. The complaint alleges that Mr. Matthews was employed by Paul's Insurance Services, LLC. On July 8, 2019, Paul's Agency was named as a defendant for the first time in Plaintiff's Amended Complaint. Plaintiff alleges that Mr. Matthews was employed as Plaintiff's Vice President of Marine and Oilfield Services until August 1, 2017 and that Mr. Matthews violated non-compete/non-solicitation provisions in an Employment Agreement executed on January 1, 2012. Plaintiff alleges that the non-compete/non-solicitation provisions covenants were in effect for the

---

[1] R. Doc. 62.
[2] R. Doc. 102.
[3] R. Doc. 111.
[4] R. Doc. 62.

1

two years following the end of Mr. Matthews' employment with Plaintiff. After his employment ended with Plaintiff on August 1, 2017, Mr. Matthews went to work for Paul's Insurance Services, LLC.

The Amended Complaint asserts a LUTPA claim against Paul's Agency contending that Mr. Matthews solicited client accounts from Plaintiff and serviced those accounts in violation of the restrictive covenants in his Employment Agreement with Plaintiff. Plaintiff also alleges that all of the defendants violated LUTPA by misrepresenting that Mr. Matthews was not involved with Plaintiff's former client, Dupre Marine Transportation, LLC, moving to Paul's Agency. Plaintiff further alleges that the defendants violated LUTPA by using Plaintiff's Confidential Information concerning coverage types, terms, and conditions, particular insurance needs and preferences, and other information related to Plaintiff's clients to solicit such clients and induce the termination of their business with Plaintiff.

Paul's Agency now moves for summary judgment contending that Plaintiff has no LUTPA claim against Paul's Agency and that Plaintiff's LUTPA claims are raised in bad faith. Paul's Agency asserts that summary judgment is appropriate on the first essential element of Plaintiff's LUTPA claim because Plaintiff cannot demonstrate that Paul's Agency "engaged in an unfair or deceptive trade practice." Paul's Agency also asserts that any claim against it under LUTPA is prescribed. Finally, Paul's Agency reserves any rights it may have to enforce LUTPA's fee shifting provision to recover the costs, expenses and attorney's fees incurred in the defense of this action.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] When assessing

---

[5] Fed. R. Civ. P. 56(a).

whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7]

LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" and affords a private right of action to any person who suffers ascertainable loss as a result of such conduct.[8] What constitutes an unfair trade practice is determined on a case-by-case basis.[9] Louisiana courts have confined unfair practices to those which "offend[ ] established public policy" and are "immoral, unethical, oppressive, unscrupulous, or substantially injurious." [10] "Fraud, misrepresentation, deception, and similar conduct is prohibited, mere negligence is not."[11] In sum, unfair business practices under LUTPA are narrowly defined and "[b]usinesses in Louisiana are still free to pursue profit, even at the expense of competitors, so long as the means used are not egregious."[12]

Paul's Agency contends that the undisputed material facts show that Plaintiff cannot establish that Paul's Agency engaged in an "unfair or deceptive trade practice declared unlawful" under the LUTPA. The Amended Complaint alleges that Paul's Agency violated LUTPA by misrepresenting Mr. Matthews' "lack of involvement" with the movement of the Dupre Marine Transportation, LLC account, from Plaintiff to Paul's Agency for the purpose of deceiving

---

[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).

[7] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

[8] La. R.S. 51:1405(A).

[9] *Cheramie Servs., Inc. v. Shell Deepwater Prod*., Inc., 2009-1633 (La. 4/23/10), 35 So. 3d 1053, 1059.

[10] *Id.*

[11] *Turner v. Purina Mills, Inc*., 989 F.2d 1419, 1422 (5th Cir. 1993).

[12] *Id.*

Plaintiff. In support of this claim, Plaintiff alleges that Mr. Philip McMahon, the Chief Operating Officer of Paul's Agency, told Plaintiff that the Dupre Marine account was being serviced by Paul's Agency in Morgan City, Louisiana, that Mr. Matthews was employed by Paul's Insurance Services, LLC in Houma, Louisiana, and that Mr. Matthews did not work for Paul's Agency. Plaintiff further alleges that Mr. McMahon informed Plaintiff that Mr. Matthews was not involved with the movement of the Dupre Marine account to Paul's Agency and would not be servicing that account on behalf of Paul's Agency. Plaintiff claims that these statements were misrepresentations. However, Paul's Agency contends that the undisputed material facts reveal that these statements were accurate based on an affidavit executed by Mr. McMahon. While Plaintiff points to disputed material facts regarding Mr. Matthews' level of involvement in moving the Dupre Marine account, Plaintiff fails to produce summary judgment evidence showing that Paul's Agency engaged in any conduct that falls within the "extremely narrow" class of claims within the purview of LUTPA. Therefore, the Court finds Paul's Agency is entitled to judgment as a matter of law dismissing Plaintiff's LUTPA claim.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[13] is **GRANTED.**

**New Orleans, Louisiana**, on this 20th day of October, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 62.