\UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| USI INSURANCE SERVICES, LLC | * | CIVIL ACTION . 2:19-cv-09340-GGG-JVM |
| | * | |
| | * | |
| | * | |
| V. | * | JUDGE GREG G. GUIDRY |
| | * | |
| | * | |
| MERRICK T. MATTHEWS and | * | |
| PAUL'S INSURANCE SERVICES, | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| LLC | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PAUL'S AGENCY, L.L.C.'S MEMORANDUM IN SUPPORT OF ITS RULE 54 MOTION FOR ATTORNEY'S FEES AND COSTS

MAY IT PLEASE THE COURT:

NOW COMES Paul's Agency, L.L.C. ("Paul's Agency"), who files this Memorandum in Support of Its Rule 54 Motion for Attorney's Fees and Costs and who respectfully requests that its Motion be granted and that it be awarded all attorney's fees and costs incurred in defense of the above-captioned lawsuit.

## I.    The Issue Presented and Summary of Argument

The issue presented to this Honorable Court is whether or not it should exercise its broad discretion to award Paul's Agency attorney's fees and costs under the fee shifting provisions of the Louisiana Unfair Trade Practices Act ("LUTPA"; La.R.S. 51:1409).   Paul's Agency respectfully submits that an award of attorney's fees and costs is warranted under the specific facts and circumstances of this case and applicable legal standards.   Before USI sued Paul's Agency, Mr. Philip McMahon, Ms. Jamie Robichaux and Mr. Merrick Matthews all advised USI that Paul's Agency secured the Dupre Marine account and that Philip McMahon, with Paul's Agency, was solely responsible for the placement, handling and servicing of the account.   After the lawsuit was filed, Mr. McMahon and Ms. Robichaux submitted Declarations reaffirming this information.

1

After extensive discovery, the same information was reaffirmed for a third time through deposition testimony provided by Mr. McMahon, Ms. Robichaux and Mr. Matthews, as well as through documentation produced by Paul's Agency and Dupre Marine.  USI's Louisiana President, Mr. Ed Daigle, conceded in his deposition testimony that he had no personal information and that no one provided him with any information to dispute or contest the facts presented in Mr. McMahon's and Ms. Robichaux's Declarations and that he did not have any documentation and has not seen any documentation that would dispute the testimony in the Declarations.  He also admitted that Mr. McMahon and Ms. Robichaux are both honest and ethical people and that there was absolutely nothing wrong with Paul's Agency doing business with USI's customers.

This Honorable Court granted Paul's Agency's Motion for Summary Judgment, finding that USI failed to produce any summary judgment evidence showing that Paul's Agency engaged in any conduct that fell within the "'extremely narrow' class of claims within the purview of LUTPA" and that Paul's Agency is entitled to a judgment as a matter of law.[1]  As a result and after several rounds of written discovery, twenty (20) Subpoenas and ten (10) depositions, USI ended where it began—with absolutely no evidence that Paul's Agency committed an unfair trade practice.

As a result, Paul's Agency respectfully submits that it is entitled to an award of attorney's fees and costs.

## II.   Procedural History

USI originally initiated litigation by filing a Complaint against Paul's Insurance Services and its employee, Merrick Matthews.[2]  Paul's Insurance Services and Merrick Matthews filed a

---

[1]     See Rec. Doc. 131.

[2]     See Rec. Doc. 1.

Rule 12(b) Motion to Dismiss.[3]  In response, USI amended its Complaint on July 9, 2019 to name

Paul's Agency, L.L.C. as a named defendant.[4]  USI essentially repackaged the allegations and

claims from the original Complaint and it attempted to lump Paul's Agency with Paul's Insurance

Services, L.L.C. (referring to them as "Paul's").[5]  The substantive allegations, however, remained

unchanged.  USI contended that both Paul's Agency and Paul's Insurance Services violated

LUTPA.

    This Honorable Court originally set a trial date for July 13, 2020.  Discovery had to be

completed by May 4, 2020.[6]  Dispositive motions had to be filed in sufficient time to permit

hearing thereon no later than May 27, 2020.[7]  By Order dated April 2, 2020, the trial was continued

to September 14, 2020.  A new discovery deadline of July 6, 2020 was set and dispositive motions

had to be filed in sufficient time to allow for submission no later than July 27, 2020.[8]

    Six (6) days prior to the scheduled close of discovery, Paul's Agency filed its Motion for

Summary Judgment on June 30, 2020.[9]  By this date and despite a discovery deadline being just

days away, USI had not taken a single deposition and had not issued subpoenas to third parties.

Instead, it had only issued written discovery and filed a Motion to Compel against Paul's Insurance

Services and Merrick Matthews.[10]

    The reset trial date was cancelled without date due to Court closures, thus resulting in the

---

[3]      See Rec. Doc. 9.

[4]      See Rec. Doc. 11.

[5]      See Rec. Doc. 11.

[6]      See Rec. Doc. 33.

[7]      See Rec. Doc. 33.

[8]      See Rec. Doc. 47.

[9]      See Rec. Doc. 62.

[10]     See Rec. Doc. _____.

discovery deadline being extended again.  Additionally, the submission date for Paul's Agency's Motion for Summary Judgment was continued again and was eventually set for October 14, 2020. A jury trial was also set for April 5, 2021.

With its Motion for Summary Judgment, Paul's Agency submitted numerous exhibits, including the Declaration from Philip G. McMahon and two (2) Declarations from Jamie Robichaux.[11]  Thereafter, USI issued twenty (20) Subpoenas to third parties for records and depositions and took nine (9) depositions.  Many of the depositions lasted almost seven (7) hours.

Paul's Agency supplemented its Motion for Summary Judgment and USI eventually filed an Opposition.[12]  USI had originally asserted two (2) LUTPA claims against Paul's Agency, one premised on an alleged misrepresentation and one premised on an alleged misuse of USI's confidential information.  In its Opposition, USI abandoned the unfounded misuse of confidential information claim and did not even oppose summary judgment on this issue.

It its Opposition, USI was unable to produce any competent, summary judgment evidence whatsoever to support its LUTPA claims against Paul's Agency.  This Honorable Court issued an Order finding that USI did not advance any evidence to establish that Paul's Agency engaged in any conduct to support the "extremely narrow" class of claims allowed by LUTPA and that Paul's Agency was entitled to a judgment as a matter of law.[13]  This Honorable Court issued a Judgment dismissing Paul's Agency and all claims against it with prejudice.[14]

---

[11]     See Rec. Docs. 62, 62-3, 62-6 and 62-7.

[12]     See Rec. Docs. 102, 106 and 111.

[13]     See Rec. Doc. 131.

[14]     See Rec. Doc. 132.

### III.    Law and Analysis

### A.    LUTPA authorizes an award of attorney's fees and costs to a prevailing defendant.

LUTPA contains a fee shifting provision which allows a Court discretion to award attorney's fees and costs to a Defendant who prevails in a LUTPA claim.  Specifically, La.R.S. 51:1409(A) provides, in pertinent part:

> Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the Court may award to the defendant reasonable attorney's fees and costs.

In *Frank's Casing Crew & Rental Tools, Inc*., 2008-640 (La. App. 3d Cir. 2/18/09), 6 So.3d 298, writ denied, 8 So.3d 585 (La. 5/15/09), an employer brought an action against a former employee, and the employee's new company, alleging breach of a confidentiality agreement and violations of LUTPA. The District Court entered summary judgment in favor of the employer on the breach of confidentiality agreement claim. It noted, however, that the confidentiality agreement was breached in only insignificant ways. The jury awarded no damages for the breach.

In *Frank's*, the jury also found in favor of the employee on the former employer's LUTPA claim and determined that the LUTPA claim was brought in bad faith. The District Court awarded attorney's fees in the amount of $526,662.62, expert witness fees and costs to the employee. The Third Circuit Court of Appeal affirmed noting specifically that the fact that the former employer was granted summary judgment on its breach of confidentiality agreement claim did not negate the jury's finding of bad faith on the former employer's LUTPA claim. In affirming the award of attorney's fees and costs, the Third Circuit held that the totality of the evidence established that the former employer's assertion of a groundless LUTPA claim was an anti-competitive tactic in an attempt to adversely affect the employee's new company and its continued business.

The analysis set forth above supports an application of LUTPA's fee shifting provision in

favor of Paul's Agency by this Honorable Court.[15]  The specific facts and circumstances presented in this case clearly establish that USI had no reasonable basis to initiate litigation against Paul's Agency nor to maintain litigation against Paul's Agency.  The same information establishing that Paul's Agency did not violate LUTPA was presented to USI both before litigation commenced and after USI engaged in extensive discovery.  USI's claim began with speculation about what Mr. Matthews may or may not have done and ended with speculation about what Mr. Matthews may or may not have done.  USI completely ignored the fact, however, that Mr. Matthews was employed by Paul's Insurance Services, L.L.C. (which it has always known), that neither Paul's Agency nor anyone at Paul's Agency had any restrictive covenants with USI (which it admitted in Responses to Requests for Admissions) and that, as USI's President knew and conceded, Paul's Agency had every right to compete for USI's customers and accounts.  As this Honorable Court recognized in its Order (Rec. Doc. 131), it mattered not what Mr. Matthews did or did not do as related to whether or not Paul's Agency engaged in egregious conduct covered by LUTPA's narrowly applied prohibitions related to unfair competition.  If Mr. Matthews did something wrong (which Paul's Agency disputes) as related to the Dupre Marine account, the purported claim is against him and not Paul's Agency.  From the outset and all the way through summary judgment, USI chose to ignore the facts and the fundamentals of LUTPA.  As a result, it is clear that USI's claims were not only groundless, but they were being pursued in bad faith or to simply harass its competitor in order to make it spend unnecessary resources (both in personnel time and attorney's fees) and in an effort to deter Paul's Agency from competing with USI and attempting to do business with any other USI customers.

---

[15]     State law controls the standard for awarding fees, as well as the reasonableness of fees, when state law provides the basis for a fee claim.  See *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *Brothers Petroleum v. Wagner's Chef*, 2020 WL 3581730 (E.D. La. 2020).

Under the particular facts and circumstances of this case and based on all of the evidence presented in Paul's Agency's Motion for Summary Judgment, an award of attorney's fees and costs to Paul's Agency is not only warranted and justified, but it is necessary.

**B.     The attorney's fees and costs sought by Paul's Agency are reasonable.**

This Honorable Court's decision in *Brothers Petroleum v. Wagner's Chef*[16] provides the legal standard for a Court's review of the reasonableness of the fees and costs sought by prevailing defendant in a LUTPA claim.  This Honorable Court, in pertinent part, has stated as follows:

> State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision.  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Accordingly, the Court will apply Louisiana law to Plaintiff's request for attorney's fees
>
> ***
>
> An accepted method with which to begin calculation of a fee award under Louisiana law is to multiply the hours worked by an hourly rate the Court deems to be reasonable.  *Bodin v. Butler*, No. 07-3505, 2008 WL 5122354, at *5 (E.D. La. Dec. 4, 2008).  Courts then consider the following ten factors for determining the reasonableness of an award for attorney's fees:
>
> > (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.
>
> *Rivet v. State, Dep't of Transp. & Dev.*, 96-145, pp. 11-12 (La. 9/5/96), 680 So.2d 1154, 1161.  These guidelines are permissive and consideration of all of them is not necessary.  *Fourchon Docks, Inc. v. Milchem, Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988).

Paul's Agency has submitted with its Motion verified billing and accounting records which itemize the date work was performed, a description of the work performed and the amount of time

---

[16]     2020 WL 3581730 (E.D. La. 2020).

involved.  The total fees for each monthly invoice are included.  Expenses are also itemized.

With regard to the attorneys involved, the Declaration of Joel P. Babineaux ("Babineaux Declaration") confirms the applicable hourly rates which are reflected in the calculated totals in the monthly invoices.  A breakdown of each attorney involved in the case with his or her hourly rate, the total amount of time expended and the total fees by attorney are as follows:

| Attorney | Hourly Rate | | Total Hours | Total Fees |
| --- | --- | --- | --- | --- |
| | 2020 | 2019 | | |
| Joel P. Babineaux (JPB) | $425.00 | $395.00 | 269.20 | $113,165.00 |
| Karen T. Bordelon (KTB) | $325.00 | $325.00 | 125.60 | $40,820.00 |
| Sarah B. Dupont (SBD) | $285.00 | $275.00 | 31.40 | $8,645.00 |

The Babineaux Declaration, with exhibits, also sets forth the background and experience of each of the attorneys.  As demonstrated, Mr. Babineaux has been in practice since 1992 (twenty-eight (28) years) and he specializes in both employment and business litigation.  He currently serves on the Employment Law Advisory Commission for the Louisiana Board of Legal Specialization.  The Commission is establishing the standards for employment law specialization and Board Certification in the State of Louisiana and continuing legal education requirements.  It is also responsible for developing the examination and testing for employment law specialization and certification, as well as the development of other eligibility qualifications.  Mr. Babineaux is only one of nine (9) employment law practitioners in the State of Louisiana serving on the Commission and he is the Chair of the Commission's CLE Committee.  Mr. Babineaux is a former Chair of the LSBA's Labor and Employment Law Section, currently serves on the Board of Directors for the Lafayette-Acadiana Chapter of the Federal Bar Association and is a member of numerous employment and business committees of professional organizations.  Mr. Babineaux

also has extensive litigation experience, including LUTPA litigation, restrictive covenant litigation and confidentiality and trade secrets litigation. He has been a guest lecturer on numerous employment and business law topics and has been a lecturer on trade secrets for continuing legal education sponsored by the Louisiana State Bar Association. The United States District Court for the Western District of Louisiana, in the context of an approval of an FLSA wage and overtime settlement and attorney's fee settlement involving hourly rates between $300.00 per hour and $500.00 per hour, noted the skill and competence of Mr. Babineaux as a federal court litigator and defense lawyer as follows:[17]

> This case has been litigated by competent lawyers on each side who enjoy great respect in their field from both sides of the aisle. Counsel for Plaintiffs has appeared multiple times in this Court with success on most, if not all, occasions. Defense counsel is well known to this Court and in the legal community as a skilled litigator. Accordingly, while at present, the Plaintiffs might enjoy some probability of success on the underlying merits, given the competency of defense counsel, failure on the ability to ultimately obtain relief for the Plaintiffs is equally likely.

Karen T. Bordelon has been in practice since 1990 (thirty (30) years) and has extensive litigation experience. Ms. Bordelon had the primary responsibility of brief writing and drafting pleadings. Because of the numerous depositions taken in a brief period of time, Ms. Bordelon and Mr. Babineaux split up depositions and she handled several of the depositions. She also assisted in discovery and obtaining documents and reviewing documents produced. Because of the volume of records being produced by the parties and the extent of discovery engaged, it was necessary to have multiple attorneys involved in the discovery process.

Sarah B. Bordelon is a Registered Patent Attorney with experience in unfair trade practices claims and trade secret claims. Although only contributing 31.4 hours on the case, Ms. Dupont provided research assistance and other assistance in developing the case, particularly in the early

---

[17]    *Sandras v. Expeditors and Production Services Co.*, 2019 WL 658819 (W.D. La. 2019).

stages.

The Babineaux Declaration also establishes the reasonableness of the hourly rates.  Mr. Babineaux served on the management committee with a prior firm and he has served as the Managing Partner with his current firm for twelve (12) years.  In that capacity, he establishes hourly rates for attorneys and provides guidance on hourly rates for partners in the firm.  He has also retained local counsel in out of state litigation in which he serves as lead counsel and has negotiated hourly rates with local counsel.  Mr. Babineaux also negotiates hourly rates with corporate clients in accordance with corporate clients' billing guidelines.  In his FLSA wage and hour litigation, Mr. Babineaux has been involved in negotiating hourly rates in relation to fee awards that have been submitted and approved by federal courts in the State of Louisiana and other states.  In such FLSA cases, reasonable rates must be approved by the federal courts in connection with the approval of settlement.

Based on the foregoing, the hourly rates submitted are reasonable.  Moreover, the time expended is also reasonable.

As demonstrated in the civil record, there have been 146 docket entries entered in this case to date.  USI propounded two (2) sets of Interrogatories and two (2) sets of Requests for Production of Documents.  USI, Paul's Agency, Paul Insurance Services, Merrick Matthews and third parties have collectively produced thousands of pages of documents.  USI issued twenty (20) Subpoenas to third parties for depositions and the production of documents.  Ten (10) depositions were taken, many of which lasted almost seven (7) hours.  The parties also retained and worked with experts and obtained and produced expert reports.

Numerous discovery conferences were conducted and USI filed a Motion to Compel against Paul's Insurance Services, L.L.C. and Merrick Matthews, to which Paul's Agency

attending a Zoom hearing.  The parties engaged in a settlement conference with Magistrate Judge Janis van Meerveld.  Significant coordination of discovery and other aspects of the case between counsel for all Defendants was necessary given the nature of the claims, the nature of the discovery and the nature of the allegations in this LUTPA action.

Extensive briefing was conducted on Paul's Agency's Motion for Summary Judgment. Numerous pleadings and briefs had to be reviewed by Paul's Agency in connection with the Motions for Summary Judgment filed by Paul's Insurance Services, L.L.C. and Merrick Matthews.

Moreover, LUTPA litigation is a subspecialty of both employment law and commercial litigation.  LUTPA cases are very fact specific and particularized fact development in order to defend LUTPA claims is necessary.  The investigation and development of electronically stored information through investigation and discovery is also involved.

Based on the foregoing, the amount of fees sought based on the hourly rates at issue and the time expended is reasonable.

It must be noted that with regard to the total amount of fees being sought by Paul's Agency ($162,630.00), the overwhelming amount of fees ($131,460.57) were incurred between June, 2020 through October, 2020.  In the month of June, 2020, much of the written discovery and document production was being completed and Paul's Agency prepared and filed its Motion for Summary Judgment.  A significant amount of time in the months of August and September was dedicated to depositions, nine (9) out of ten (10) of which were noticed by USI.  Additional summary judgment briefing was also being prepared and submitted, with summary judgment proceedings continuing into October, 2020.  Preparation of Paul's Agency's Motion for Fees also occurred in October, 2020.  As a result, $131,460.57 in attorney's fees and $5,023.50 in deposition costs were directly related to Paul's Agency prevailing on its Motion for Summary Judgment.  Additionally, much of

the time and fees were the result of extensive discovery being generated and initiated by USI after Paul's Agency filed its Motion for Summary Judgment in June, 2020 in connection with USI attempting to oppose Paul's Agency's Motion for Summary Judgment and additional briefing by the parties as a result of the additional discovery engaged by USI.

Moreover, the case was primarily handled by two (2) experienced lawyers, one with twenty-eight (28) years of experience and one with thirty (30) years of experience who, combined, spent a total of 394.8 hours.  For the amount of litigation generated by USI and in light of the successful outcome that Paul's Agency received, the amount of time spent is clearly reasonable.

Additionally, the ten (10) permissive guidelines, although not required to be met, direct that the fees sought by Paul's Agency are reasonable.[18]  Paul's Agency was able to avoid extensive pretrial proceedings and a jury trial by prevailing on its Motion for Summary Judgment and obtaining a dismissal with prejudice.  Because the underlying claims involved the right to competition and potential impact on third party insurance accounts, significant responsibility was incurred (in both risk and time) in the defense of Paul's Agency's position and the right to engage in competition was clearly important.  Although damages were disputed with all parties utilizing experts, significant dollars were at stake in this litigation.  In this regard, USI is seeking almost $1,000,000.00 in damages plus attorney's fees and costs.  The nature of the work performed by Paul's Agency was both effective and efficient.  Paul's Agency did not engage in a discovery motion practice and most of the work performed was directed to its Motion for Summary Judgment and responding to USI's Opposition.  The legal knowledge, attainment and skill of the attorneys involved is clearly evident by the information submitted herewith.  A number of appearances were required at depositions (10), a Motion to Compel hearing (1), a settlement conference (1), a follow-

---

[18]     See *Brothers Petroleum v. Wagner's Chef*, supra.

up engagement by the Magistrate Judge as related to settlement, discovery conferences with counsel, coordination of discovery and other matters with counsel, deposition preparation and client conferences and meetings.  USI attempted to raise numerous facts which had to be addressed. Counsel for Paul's Agency acted diligently and skillfully in managing litigation which, for a five (5) month period of time between June, 2020 and October, 2020 was intense and involved written discovery, the development and submission of a Motion for Summary Judgment, the engagement in depositions, production of documents by third parties and additional summary judgment briefing and proceedings.  Finally, this Honorable Court can apply its own experience in high dollar employment and commercial litigation with skilled lawyers and firms practicing before it to conclude that Paul's Agency's fee and expense request is reasonable and to conclude that Paul's Agency's fee request is reasonable.

With regard to expenses, they were kept to a minimum and clearly demonstrate that Paul's Agency very efficiently and effectively managed its defense in this lawsuit.  The bulk of the expenses ($5,023.50) are for deposition transcripts in which nine (9) of the ten (10) depositions were noticed by USI.  Nominal Westlaw and PACER charges were incurred in conducting research.  Conference call expenses through a third party service were necessary for a remote deposition and were nominal.  Moreover, copy costs were nominal for a total of $118.30.

Based on the foregoing, Paul's Agency respectfully submits that the fees and expenses sought by its Motion are reasonable and respectfully requests that all fees and costs sought be awarded.

## IV.   Conclusion

Paul's Agency respectfully submits that it is entitled to an award of attorney's fees and costs under LUTPA's fee shifting provisions.  Paul's Agency respectfully requests that this

13

Honorable Court exercise its discretion to award Paul's Agency $162,630.00 in attorney's fees and

$5,716.17 in costs.

Respectfully Submitted:

s/Joel P. Babineaux
JOEL P. BABINEAUX (LA #21455) (T.A.)
E-mail: jbabineaux@bpasfirm.com
KAREN T. BORDELON (LA #20114)
E-mail: kbordelon@bpasfirm.com
SARAH B. DUPONT (LA #35048)
E-mail: sdupont@bpasfirm.com
BABINEAUX, POCHE', ANTHONY
   & SLAVICH, L.L.C.
Post Office Box 52169, Lafayette, LA 70505-2169
Phone: (337) 984-2505, Fax: (337) 984-2503
**ATTORNEYS FOR DEFENDANT**
**PAUL'S AGENCY, L.L.C.**