**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

USI INSURANCE SERVICES, LLC                                    CIVIL ACTION

VERSUS                                                        NO: 19-09340

MERRICK T. MATTHEWS and PAUL'S                               SECTION: T(1)
INSURANCE SERVICES, LLC

## ORDER

Before the Court is a Motion for Summary Judgment[1] and supplemental memorandum[2] filed by Merrick T. Matthews and Paul's Insurance Services, LLC ("Defendants") seeking dismissal of the claims filed by USI Insurance Services, LLC, ("Plaintiff") against Defendants. Plaintiff has filed an opposition[3] to which Defendant replied.[4] Plaintiff then filed a sur-reply.[5] For the following reasons, the Motion for Summary Judgment[6] is **GRANTED IN PART** with respect to the LUTPA claim and breach of contract claim involving Diamond Services Corporation and **DENIED IN PART** in all other respects for the reasons set forth below.

## BACKGROUND

On April 12, 2019, Plaintiff filed a complaint against Paul's Insurance Services, LLC ("Paul's") and Mr. Merrick T. Matthews ("Matthews") alleging breach of contract against Mr. Matthews and claims under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, *et seq*. against both Matthews and Paul's. The complaint also asserts a LUTPA claim against Paul's Agency, LLC, a separate entity from Paul's Insurance.[7]

---

[1] R. Doc. 63.
[2] R. Doc. 126.
[3] R. Doc. 138.
[4] R. Doc. 143.
[5] R. Doc. 146.
[6] R. Doc. 63.
[7] The Court granted Paul's Agency's Motion for Summary Judgment (R. Doc. 62) on October 30, 2020. *See* R. Doc. 131.

Plaintiff alleges that Mr. Matthews—a former employee of Plaintiff—violated his Employment Agreement ("the Agreement") by soliciting USI clients following his departure in August 2017.[8] Matthews began working for Paul's immediately thereafter, and Plaintiff identifies two clients who were allegedly solicited or serviced by Matthews: Dupre Marine Transportation ("Dupre") and Diamond Services Corporation ("Diamond"). Specifically, Plaintiff asserts the evidence demonstrates that Matthews had lunches, drinks, and other contacts with Dupre, Diamond, and other USI customers during the restricted period, and those engagements were funded by Paul's pursuant to reimbursement requests Matthews specifically described as "client entertainment." Plaintiff concludes that this evidence, as well as alleged conflicts and contradictions between the deposition testimony of the witnesses and the declarations submitted by Defendants in support of their Motion, is more than sufficient to demonstrate a genuine factual dispute.

Plaintiff also alleges that Defendants violated LUTPA by misrepresenting that Mr. Matthews was not involved with Plaintiff's former client, Dupre Marine Transportation, LLC, moving to Paul's Agency. Plaintiff further alleges that Defendants violated LUTPA by using Plaintiff's confidential information concerning coverage types, terms, and conditions, particular insurance needs and preferences, and other information related to Plaintiff's clients to solicit such clients and induce the termination of their business with Plaintiff.

Defendants now move for summary judgment as to all claims contending first that Diamond was not a USI "Client Account" restricted by the Agreement, and therefore no breach has occurred. Second, Defendants assert Matthews has not provided services to Dupre, and he did not solicit or induce Dupre's decision to engage Paul's Agency. Third, Defendants generally argue

---

[8] Plaintiff alleges the non-solicitation and non-compete provisions of Section 6 remained in effect for the two years following Mr. Matthews' departure.

the Agreement is overly broad, vague, and unenforceable as a matter of law. Fourth, regarding Plaintiff's LUTPA claims, Defendants assert that these claims fail as a matter of law because the allegations do not fall under the "extremely narrow" class of claims within the purview of LUTPA, and additionally, Plaintiff's LUTPA claims are prescribed.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] When assessing whether a dispute as to any material fact exists, the court considers "all the evidence in the record but refrains from making credibility determinations or weighing the evidence."[10] All reasonable inferences are drawn in the favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[11]

LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" and affords a private right of action to any person who suffers ascertainable loss as a result of such conduct.[12] What constitutes an unfair trade practice is determined on a case-by-case basis.[13] Louisiana courts have confined unfair practices to those which "offend[] established public policy" and are "immoral, unethical, oppressive, unscrupulous, or substantially injurious."[14] "Fraud, misrepresentation, deception, and similar conduct is prohibited, mere negligence is not."[15] In sum, unfair business practices under LUTPA are narrowly

---

[9] Fed. R. Civ. P. 56(a).
[10] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[11] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[12] La. R.S. 51:1405(A).
[13] *Cheramie Servs., Inc. v. Shell Deepwater Prod*., Inc., 2009-1633 (La. 4/23/10), 35 So. 3d 1053, 1059.
[14] *Id*.
[15] *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993).

defined and "[b]usinesses in Louisiana are still free to pursue profit, even at the expense of competitors, so long as the means are not egregious."[16]

The Court first addresses summary judgment on the breach of contract issue by analyzing the allegations pertaining to the two identified Client Accounts, Diamond and Dupre.[17] Regarding the Diamond allegations, the Court finds no genuine dispute of a material fact because Diamond was no longer a Client Account as defined by Section 1 of the Agreement.[18] The Agreement's solicitation covenant is limited to USI "Client Accounts," which is defined as an account "who or which is serviced by a USI Company."[19]  Based on the facts and declarations, Diamond chose to leave USI for an unrelated broker on their own volition, thus severing their status as a Client Account. Still unsatisfied one year later, Diamond reentered the marketplace and sought out Mr. Matthews.[20] Plaintiff contests that via Section 6.2 and 6.4 of the Agreement, the definition of Client Account "expressly includes" clients "managed or serviced during the two years prior to the termination of [his employment]."[21] But those provisions specifically prohibit non-solicitation and non-competition for clients, not former clients, and the inclusion of such restrictions would broadly enhance the Agreement's unambiguous definition under Section 1.[22] Thus, the Court finds no breach as a matter of law.

Turning to the Dupre allegations, Plaintiff highlights numerous disputed material facts regarding Mr. Matthews' level of involvement in the Dupre account. While Defendants attest Paul's Insurance and Paul's Agency are separate entities, the Court agrees with Plaintiff that

---

[16] *Id*.
[17] R. Doc. 11 at 10; R. Doc. 63 at 2.
[18] Employment Agreement; *see* R. Doc. 63-4 at 5-6.
[19] *Id*. at 5.
[20] The affidavit of Steven Swiber (Diamond's Executive President) details Diamond's business decision to leave USI, join the intervening firm, and eventually contact Mr. Matthews.
[21] R. Doc 63-4 at 12-13.
[22] *Id*. Section 6.2 and 6.4 are titled "Non-Solicitation of Clients" and "Non-Competition with Clients," respectively.

Matthews' employer is immaterial to whether Matthews was involved in the solicitation or inducement of Dupre Marine to terminate its business with USI and move its account to Paul's Agency. Plaintiff points to Matthews' conflicting testimony with that of Mr. Philip McMahon and Ms. Jamie Robichaux to rebut the conclusory statement that Matthews "did not influence or induce Dupre Marine's decision to terminate, cancel, or not renew its account with USI."[23]

Furthermore, concerning Dupre and other USI accounts, Plaintiff and Defendants agree that Matthews maintained relationships with former clients after leaving USI and joining Paul's but disagree as to the intent of these contacts. The question, then, is whether these contacts qualify as "indirect solicitation" for breach of contract purposes. That is a question for the jury, and the Court therefore agrees that the evidence is sufficient to raise a material dispute as to whether Matthews intended to solicit these clients to move their business from USI, a credibility issue that must be determined by the trier of fact. Accordingly, Defendants' Motion for Summary Judgment on the Breach of Contract claim is denied.

Finally, regrading Plaintiff's LUTPA claim, the Court finds that Plaintiff's evidence falls short of alleging facts necessary to fall within the "extremely narrow" class of claims allowed under the Act. While the Court does find sufficient evidence of a material dispute regarding alleged misrepresentations made in affidavits to support a breach claim at this stage, much of Plaintiff's allegations rely on inferences that Matthews and Paul's indirectly solicited clients. Accordingly, the allegations do not rise to the purposeful level of egregious, immoral, and unethical business practices necessary to establish an unfair trade practice under the statute.[24]

---

[23] R. Doc. 63 at 10. In addition to the Dupre account, Plaintiff identifies factual inconsistencies between Matthews' testimony and that of Dino Cheramie, another former USI account whom Matthews took to lunch.

[24] *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So. 3d 1053, 1059 (La. 2010).

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Summary

Judgment is **GRANTED IN PART** with respect to the LUTPA claim and breach of contract

claim involving Diamond Services Corporation and **DENIED IN PART** in all other respects.

**New Orleans, Louisiana**, on this _____22nd_____ day of March, 2021.

_____

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

6